SANDEL v. THE STATE OF SOUTH CAROLINA

(112 S. E., 571)

COURTS—SUPREME COURT SITTING EN BANC HAS "APPELLATE" JURISDIC-TION OF LAW CASE.—Though Const. Art. 5, § 4, limits Supreme Court's appellate jurisdiction to cases in chancery and provides that in law cases it is a Court for correction of errors of law, and Const. Art. 5, § 12, limits convocation en banc to questions in the exercise of its original or appellate jurisdiction, under Code Civ. Proc. 1912, § 11 (D), prescribing the methods of appeal, such Court has jurisdiction of an appeal in law cases; appeal being the only method of exercising power of review, and "appellate" in Section 12 not being interpreted in a restricted sense.

Before BONHAM, J., Richland, February, 1924. Petition dismissed and order staying remittitur revoked.

Petition for rehearing by J. O'Neal Sandel, as Administrator of the Estate of Thelma Sandel, deceased, appellant, against the State of South Carolina, respondent.

*Messrs. Graydon & Graydon,* for appellant, cite: *Jurisdiction:* Code, 1922, Sec. 409; 24 S. C., 118; 25 S. C., 313; 28 S. C., 313; 53 S. C., 198; 70 S. C., 288; 74 S. C., 438; 80 S. C., 484; 86 U. S., 214; 154 U. S., 34; 76 U. S., 700; 140 U. S., 316; 41 S. C. R., 348. *Jurisdiction of the Supreme Court:* Art. V, Sec. 12, Constitution of 1895; 17 S. C., 80; 12 S. C., 117; 45 S. C., 503; 46 S. C., 337; 62 S. C., 469; Journal of Constitutional Convention at pages 39, 43, 102, 109, 133, 137, 178, 326, 327, 624, 630. *Taking of property without due process and denying the plaintiff equal protection of the law:* XIV Amendment Const. of U.

S. 1 Peter., 328; 154 U. S., 24; 5 Otto., 714; 166 U. S., 226; 100 U. S., 338; 103 U. S., 370; 118 U. S., 356; 162 U. S., 579; 154 U. S., 34; 96 U. S., 97; Const. of S. C., Art. 1, Sec. 5; 3 Otto., 274; 12 Otto., 246; 140 U. S., 316; 41 S. C. Rep., 348.

*Messrs. Samuel M. Wolfe, Attorney General,* and *A. M. Lumpkin,* for respondent, cite: *Estoppel:* 84 S. C., 349. *Constitutionality of the Court en banc:* Sec. 12, Art. 1V, Constitution of S. C. 1895; 83 S. C., 149.

For former opinion, see 119 S. E., 776.

September 1, 1922.

*Per Curiam.*

The respondent has filed a petition for a rehearing of the appeal in this case, the opinion and judgment of the Court *en banc* in which was filed on August 2, 1922, upon the ground that the Court *en banc* was without jurisdiction to hear said appeal.

The position taken by the petitioner is this: The Constitution, Art. 5, § 4, limits the appellate jurisdiction of the Supreme Court to cases in chancery; that in law cases it has no appellate jurisdiction but is constituted a Court for the correction of errors of law; that Article 5, § 12, limits the convocation of the Court *en banc* to the hearing of causes or questions before the Supreme Court in the exercise of its original or appellate jurisdiction; that consequently in reviewing judgments in law cases the Supreme Court does not exercise its appellate jurisdiction and is not authorized ·to convoke the Court *en banc.*

If it should be held that the word "appellate" was intended to be used in the same restricted and technical sense in both Sections 4 and 12, the position of the petitioner would be sound. But we do not think that the framers of the Constitution were of that mind. There was good reason to draw a distinction between law and equity cases, as was done

in Section 4; the provision intending that in equity cases only should the Supreme Court have full appellate jurisdiction—that is, the power to review findings of fact as well as of law in the Court below—but that in law cases only findings of law. It is constituted a Court for the correction of errors of law in law cases, and the only method of exercising its power of review is by appeal; hence in the exercise of that power it is obliged to exercise in a limited way its appellate jurisdiction. The Constitution provides that the correction of errors of law shall be conducted under "such regulations as the General Assembly may by law prescribe"; and the General Assembly by Section 11, Subdivision D, of the Code 1912, has prescribed the method of appeal. It is entirely immaterial what designation the General Assembly may have given to such procedure; it is none the less the exercise of appellate jurisdiction, a *nomen generalissimum*, characterizing a review by the supervisory Court. The word "appellate" in Section 4 was intended to express the idea of full review of all phases of a case, law and fact, while in Section 12 it is a general and comprehensive term referring to all causes and questions over which the Court was authorized to exercise the power of review. There is absolutely no reason to apply a technical and restrictive interpretation of the word in Section 12 as there was in Section 4. In fact the constitutional questions for which provision is made arise almost without exception in law cases.

The petition is, therefore, dismissed, and the order heretofore passed staying the remittitur is revoked.

MR. CHIEF JUSTICE GARY, MESSRS. JUSTICES WATTS, FRASER, COTHRAN and MARION, and JOHN S. WILSON, J. W. DEVORE, W. H. TOWNSEND, FRANK B. GARY, JAS. E. PEURIFOY, and R. W. MEMMINGER, Circuit Judges, concur.